United States District Court
Southern District of Texas
**ENTERED**
June 03, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 4:19-CR-677-3 |
| § | |
| HIEU "TOM" TRUONG § | |

## ORDER OF RELEASE PENDING SENTENCING

Before the Court is a Motion for Release Pending Sentencing filed by Defendant Hieu Truong ("Defendant" or "Truong"). (Doc. No. 279). For the reasons explained below, the Court denies the motion.

After a five-day jury trial, Truong was found not guilty of one count of conspiracy to distribute and dispense controlled substances in violation of 21 U.S.C. § 846 and guilty of three substantive counts of unlawfully distributing or dispending controlled substances in violation of 21 U.S.C. § 841(a)(1). The Government sought an order of detention pending sentencing, which the Court granted pursuant to 18 U.S.C. § 3143(a)(2). That provision states:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 USC § 3143(a)(2). Truong does not dispute that his crime of conviction meets the statutory reference to 18 U.S.C. § 3142(f)(1). Defendant does not claim that he can satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial

will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant. As such, the Court cannot grant the requested relief.

Although there is an additional pathway for the relief Truong seeks, he has not pleaded such. A defendant may also seek release pending sentencing under the "exceptional reasons" provision of 18 U.S.C. § 3145(c). That section provides, in relevant part:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). This section provides a district court with discretion to release a defendant pending sentence even when § 3143(a)(2) applies. *See United States v. Carr*, 947 F.2d 1239, 1240–41 (5th Cir. 1991) (per curiam). Although the Fifth Circuit has not explained what constitutes "exceptional reasons," the Second Circuit has described it as "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991).

In the instant motion, Truong urges several circumstances as justifying his pre-sentencing release, including: (1) his old age; (2) that his conviction did stem from a crime of violence nor a crime involving weapons; (3) no facts from trial indicate that Truong is a danger to the community; (4) his lack of criminal history; and (5) that he has had no contact with his co-defendants since his arrest. Nevertheless, he does not plead that these circumstances, or any other circumstances, rise to the level of "extraordinary circumstances." Were he to do so, the Court could entertain his requested relief.

The Court finds that none of the reasons set forth by Defendant rise to the level of "exceptional circumstances," and therefore **DENIES** the motion without prejudice. Defendant is

free to file an additional motion identifying any applicable "exceptional circumstances" should he choose to do so.

Signed at Houston, Texas, this 2nd day of June, 2022.

Andrew S. Hanen
United States District Judge