United States District Court
Southern District of Texas
**ENTERED**
May 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:19-cr-677-3 |
| | § | |
| HIEU "TOM" TRUONG | § | |

## ORDER

Pending before the Court is Defendant Hieu "Tom" Truong's ("Truong" or "Defendant") Motion for a New Trial. (Doc. No. 372). The United States responded in opposition. (Doc. No. 376). Truong replied. (Doc. No. 377). For the reasons outlined below, the Court hereby **GRANTS** the Motion. (Doc. No. 372).

## BACKGROUND

In 2019, Truong was charged with one count of conspiracy to unlawfully distribute and dispense, and possess with intent to distribute, controlled substances pursuant to 21 U.S.C. § 846, and three counts of unlawfully distributing and dispensing, and possessing with intent to distribute, controlled substances; and aiding and abetting pursuant to 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2. The Government alleged that Truong, a pharmacist, "filled thousands of fraudulent and illegitimate prescriptions for controlled substances from S&S Pharmacy," which was run by co-defendants Diana and Kathy Hernandez. The Hernandez defendants operated S&S Pharmacy as a "pill mill." The Government alleged that they conspired and coordinated with Truong and other co-defendants (including Charles Walton, Prince White, Clint Randall, Dexter Laird, and Cedric Milburn) to divert oxycodone and hydrocodone for illicit sale. All other defendants pleaded guilty to the conspiracy count. Between March 2018 and September 2019, the Government approximates that

S&S Pharmacy filled 8,000 controlled substance prescriptions and dispensed 700,000 controlled substance pills, the vast majority of which were intended for illicit sale.

The case against Truong proceeded to trial in May 2022. At trial, the Court instructed the jury on the conspiracy count in pertinent part as follows:

> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> > *First*, that the defendant and at least one other person made an agreement to unlawfully distribute or dispense a controlled substance outside the scope of professional practice or without a legitimate medical purpose;
> >
> > *Second*, that the defendant knew the unlawful purpose of the agreement; and
> >
> > *Third*, that the defendant under consideration joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

(Doc. No. 281 at 10).

The Court instructed the jury on the substantive counts under 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 in pertinent part as follows:

> For you to find the defendant guilty of these crimes, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> > *First*, that the defendant distributed or dispensed a controlled substance (or aided and abetted such acts);
> >
> > *Second*, that the defendant did so knowingly or intentionally; and
> >
> > *Third*, that the defendant did so other than for a legitimate medical purpose or did so outside the usual course of professional practice.

(Doc. No. 281 at 14).

The jury returned a verdict of "not guilty" on the conspiracy count and a verdict of "guilty" on each substantive count (2-4) under 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2. The verdict was rendered on May 27, 2022.

One month later, the Supreme Court of the United States decided *Ruan v. United States*, 597 U.S. 450 (2022), which held that the *mens rea* element of 21 U.S.C. § 841 ("knowingly or intentionally") applies to the "authorization" exception in the statute.[1] In other words, "after a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." *Ruan*, 597 U.S. at 454. The Fifth Circuit has since interpreted *Ruan* to hold that "the defendant must **subjectively understand the illegitimate nature of the distribution** they facilitate to commit an offense under § 841(a)...[f]illing an objectively illegitimate prescription is not a sufficient condition to convict." *United States v. Ajayi*, 64 F.4th 243, 247 (5th Cir. 2023) (emphasis added).

On July 2, 2023, over a year after the verdict, Truong filed this Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 33. Truong's primary argument is that the jury was not correctly instructed on the *mens rea* required for conviction under § 841(a) as articulated in *Ruan* and subsequent cases. Moreover, Truong argues that "the evidence presented at trial preponderates heavily against a finding that Truong had the requisite intent to violate § 841." (Doc. No. 372 at 3).

The Government makes two primary arguments in response. First, the Government argues that Truong's motion is untimely and that his reason for delay is inexcusable. Next, it argues that *Ruan* does not make a new trial necessary in this case because the evidence concerning "Truong's knowledge and intent to violate the controlled substances act was overwhelming, such that the

---

[1] As articulated by the Supreme Court, 21 U.S.C. § 841(a) makes it a federal crime, '*[e]xcept as authorized[,]* ... for any person knowingly or intentionally ... to manufacture, distribute, or dispense... a controlled substance,' such as opioids." *Ruan*, 597 U.S. at 454 (citing 84 Stat. 1260, 21 U.S.C. § 841(a) (emphasis added)).

3

weight of the evidence preponderates in favor of the verdict and the error in failing to instruct the jury on *mens rea* was harmless." (Doc. No. 376 at 10).

## ANALYSIS

### a. Timeliness of the motion

Federal Rule of Criminal Procedure 33 permits a district court to vacate any judgment and grant a new trial on the defendant's motion "if the interest of justice so requires." Fed. R. Crim. P. 33. Rule 33(b)(2) provides that "any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." *Id.* Rule 45 permits a court, on its own, or for good cause on a party's motion, to extend the time to file a motion for new trial "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). "Excusable neglect is determined by (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *U.S. v. Anderson*, No. 3:17-CR-00222-M, 2022 WL 1128954 (N.D. Tex. Apr. 15, 2022) (citing *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995)); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)). The determination is, at bottom, an "equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Truong's motion for a new trial was filed on July 2, 2023, more than a year after the verdict and more than a year after the *Ruan* opinion was issued. Truong argues that the Court should find excusable neglect for the delay because "the issues involving the *mens rea* required for conviction under § 841 were not reasonably available to Mr. Truong during the limitations period, as the Supreme Court did not issue its decision in *Ruan* until after the period had already run." (Doc. No.

4

372 at 1 n.1). Additionally, Truong points out that his previous counsel disregarded Truong's instruction to file post-trial motions upon learning of the Supreme Court's decision in *Ruan*. Finally, Truong's new counsel was not granted *pro hac vice* admission until March 2023. Nonetheless, the Government contends that "Truong's year-long delay far exceeds what can be considered excusable." (Doc. No. 376 at 6).

The Court first notes that final judgment has not yet been entered in this case, primarily because the Court was concerned about the effect of *Ruan*. *See* Fed. R. Crim. P. 33. Assuming, however—as indicated by Rule 33(b)(2)—that the clock starts to run immediately after the verdict, the Court finds that equitable considerations weigh in favor of a finding of excusable neglect. Taking into account the circumstances surrounding the delay, including the change in the controlling law and the change in Defendant's counsel, the Court finds that Truong acted in good faith. The Court credits counsel's explanation for the reasons behind the delay. Moreover, the Court finds that any prejudice to the Government is outweighed by the considerations previously mentioned and that the length of the delay was not unduly prejudicial to the Government. As a result, the Court finds that the delay was the result of excusable neglect pursuant to Rule 45(b)(1)(B) and considers the motion for a new trial on the merits.

### b. Merits of the motion

As outlined previously, Federal Rule of Criminal Procedure 33 permits a district court to vacate any judgment and grant a new trial on the defendant's motion "if the interest of justice so requires." Fed. R. Crim. P. 33. A motion for a new trial "is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial…should only be invoked in exceptional cases." *United States v. Scroggins*, 485 F.3d 824, 831 (5th Cir. 2007) (citation omitted). "Rule 33 is exercised in two situations…[o]ne is when error infects the trial—

perhaps the erroneous admission or exclusion of evidence, inflammatory comments by a lawyer, or faulty jury instructions." *U.S. v. Crittenden*, 46 F.4th 292, 296 (5th Cir. 2022) (citations omitted). "The other is when the court believes the evidence weighs 'heavily against the verdict.'" *Id.* (citations omitted).

Given the Supreme Court's decision in *Ruan* and subsequent opinions,[2] it is clear that the jury instructions in this case did not specifically require a finding of subjective intent to act in an unauthorized manner under § 841. As a result, this Court cannot be assured that error did not "infect" the trial. *See Crittenden*, 46 F.4th at 296. In light of the circumstances of the new case law, the jury instructions that followed the existing case law qualify this case as "exceptional" warranting the grant of a new trial. *Scroggins*, 485 F.3d at 831. This Court is aware of the amount of inculpatory evidence that the Government adduced at trial, and it realizes no one wants to try a case twice. Nevertheless, the Court finds that the interests of justice require the Court to grant a new trial as to Counts 2, 3, and 4 (unlawfully distributing and dispensing, and possessing with intent to distribute, controlled substances; and aiding and abetting pursuant to 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2). Truong's Motion is hereby **GRANTED** and trial is set in this case on June 3, 2024, with the final pretrial conference set for May 29, 2024. The Court asked counsel if they could go to trial in the coming weeks, and none voiced any problem. Therefore, counsel need to be ready and prepared to go to trial, as any request for a continuance will not be looked at fondly.

Signed at Houston, Texas, on this the 3rd day of May, 2024.

Andrew S. Hanen
United States District Judge

---

[2] *See Ajayi*, 64 F.4th at 243; *see also United States v. Pierre*, 88 F.4th 574 (5th Cir. 2023).